**Albert J. SMITH, Jr., et ux., Julia C. Smith, Plaintiffs–Appellants,**

v.

**CITY OF BRENHAM, TEXAS, Defendant–Appellee,**

v.

**A.P. JOZWIAK, et ux., Pauline Jozwiak, et al., Intervenors–Appellants.**

No. 88–1526

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1989.

---

Craig C. Cantey, Jr., Brenham, Tex., for A.J. Smith and J.C. Smith.

Carl E. Clover, Jr., Connor, Odom & Clover, Sealy, Tex., for A.P. Jozwiak, et al.

James R. Raup, McGinnis, Lochridge & Kilgore, Austin, Tex., for City of Brenham, Tex.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Appellants, property owners whose lands are located near the site of a proposed landfill to be operated by the City of Brenham, appeal the dismissal under rule 12(b)(6) of their action against the city alleging that they are the victims of an uncompensated taking, and seeking (1) damages for the diminished value of their land, (2) damages for their mental pain and suffering, and (3) an injunction against any further proceedings by the city designed to bring the landfill into operation. We affirm.

"Mere fluctuations in value during the process of governmental decisionmaking, absent extraordinary delay, are 'incidents of ownership. They cannot be considered a taking in a constitutional sense.'" *Agins v. City of Tiburon*, 447 U.S. 255, 263 n. 9, 100 S.Ct. 2138, 2143 n. 9, 65 L.Ed.2d 106 (1980) (quoting *Danforth v. United States*, 308 U.S. 271, 285, 60 S.Ct. 231, 236, 84 L.Ed. 240 (1939)). In *Agins*, the plaintiffs challenged a zoning ordinance that encompassed their very land. The Court, nevertheless, held that no taking had occurred. Here, the "governmental decisionmaking" involves only nearby property; hence, the constitutional argument is even weaker than in *Agins. See also Frazier v. Lowndes County, Mississippi, Bd. of Educ.*, 710 F.2d 1097, 1100–01 (5th Cir. 1983).

Thus, on the undisputed facts before us, no taking in the constitutional sense has occurred. None of the parade of horribles that arguably will accompany the operation of the landfill has come to pass; at this moment, the city has only announced its intention to operate a landfill on the site, and is currently in the process of obtaining approval from the Texas Department of Health. Although this process has been underway now for four years, we do not find the mere lapse of time in this case to constitute an "extraordinary delay." Nor does the complaint contain any allegations that the city has been acting in bad faith by purposefully retarding the process.

Under these circumstances, *Agins* compels the conclusion that no constitutional taking has occurred in this case. Appellants' reliance upon *First English Evangelical Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987), is misplaced. Contrary to appellants' claims, *First English* did not set out a new test for determining when a taking has occurred; rather it assumed, for the purposes of the case, that a taking had occurred in holding that the Constitution requires compensation as a remedy for *temporary* regulatory takings. *See id.* 107 S.Ct. at 2384–85. *First English* thus in no way alters the holding of *Agins*, and, as *Agins* controls this case, dismissal of the appellants' takings claim was appropriate.

For similar reasons, appellants' claim under the due process clause of the fourteenth amendment is without merit. No deprivation of property in the constitutional sense has yet occurred; moreover, it may never occur, and certainly will not occur at least until the permit process, in which the appellants will have the right to a hearing before the Texas Department of Health, has run its course. Any due process claim is thus premature. *See Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 199–200, 105 S.Ct. 3108, 3123–3124, 87 L.Ed.2d 126 (1985).

Finally, we affirm the dismissal of the appellants' state law claims. Their assertion that a taking has occurred under the Texas Constitution, Art. I § 17, is without merit, for much the same reasons as under federal law. *See Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820–22 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.).

AFFIRMED.