United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2003**

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
for the Fifth Circuit

———————

m 02-40880
m 02-41155

———————

CARL MONK; CONSTANCE MONK; PATRICK MCBRIDE; GARY GRAYBEAL;
JIM LOERCH; CHRIS LOTT; DARLENE LOTT; DAVID BROCK; KAY GLANDT;
PATRICIA WRIGHT-COMBS; KAREN CAUDLE MUDD; DARIO GARCIA;
CHESTER BIENIK; JOY BRACEY; TED HOLLINGSWORTH; AND JOHNNIE JENNINGS,

Plaintiffs-Appellees,

VERSUS

ROBERT J. HUSTON, ETC., ET AL.,

Defendants,

ROBERT J. HUSTON,
IN HIS OFFICIAL CAPACITY AS
CHAIRMAN OF THE TEXAS NATURAL RESOURCE CONSERVATION COMMISSION;
R.B. RALPH MARQUEZ,
IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF THE TEXAS NATURAL RESOURCE CONSERVATION COMMISSION;
KATHLEEN HARTNET WHITE,
IN HER OFFICIAL CAPACITY AS
COMMISSIONER OF THE TEXAS NATURAL RESOURCE CONSERVATION COMMISSION;
AND
JEFF SAITAS,
IN HIS OFFICIAL CAPACITY AS
THE EXECUTIVE DIRECTOR OF THE TEXAS NATURAL RESOURCE CONSERVATION COMMISSION,

Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, DENNIS, and CLEMENT,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Defendant officials of the Texas Commission on Environmental Quality ("TCEQ") appeal (1) a preliminary injunction precluding them from considering a landfill permit application and (2) the denial of their motion to dismiss. Concluding that this dispute is not ripe for adjudication, we vacate the injunction and reverse and remand.

## I.

In 1996, TSP Development, Limited, a Texas limited partnership, filed a permit application with the TCEQ requesting approval to construct a landfill facility capable of handling three classes of nonhazardous industrial solid waste ("NISW"), the most noxious of which is Class I.[1] Plaintiffs, who are owners or occupiers of land within one mile of the proposed landfill, actively opposed the application *via* administrative proceedings before the State Office of Administrative Hearings ("SOAH"), to which the matter had been referred for adjudication.

In April 2002, plaintiffs sued, alleging violations of their rights under the Fifth and Fourteenth Amendments. Contending that no ascertainable standards exist to guide the agency's ultimate determination whether to approve the application, plaintiffs sought preliminary and permanent injunctions barring Robert Huston, the presiding officer of the TCEQ; Ralph Marquez and Kathleen White, TCEQ commission officers; Margaret Hoffman, the TCEQ Executive director; and Sheila Taylor, director of the SOAH (collectively "defendants" or "agency defendants"), from further considering the application until additional rules and regulations governing NISW landfills are promulgated.

The agency defendants filed a motion to dismiss and a response in opposition to the application for preliminary injunction; the court denied the motion and issued the preliminary injunction. The agency defendants appeal the preliminary injunction under 28 U.S.C. § 1292(a)(1), and they appeal the denial of their motion to dismiss pursuant to the district court's certification of that order under § 1292(b) and this court's grant of permission to take an interlocutory appeal.

## II.

---

[1] Class I NISW is industrial solid waste that does not meet the definition of hazardous waste promulgated by the EPA but, because of its concentration or physical or chemical characteristics, is toxic, corrosive, flammable, a strong sensitizer or irritant, or a generator of sudden pressure by decomposition, heat, or other means, and may pose a substantial present or potential danger to human health or the environment if improperly processed, stored, transported, or otherwise managed. *See* TEX. HEALTH & SAFETY CODE § 361.003(2)-(3).

Defendants contend that the district court erred in exercising jurisdiction, because the matter was not yet ripe for resolution. We review ripeness determinations *de novo*. *Groome Res. Ltd., L.L.C. v. Parish of Jefferson*, 234 F.3d 192, 198-99 (5th Cir. 2000).

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). "The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required."[2]

In *Smith v. City of Brenham*, 865 F.3d 662 (5th Cir. 1989), this court addressed similar claims: Plaintiffs alleged that the city's attempts to obtain approval to operate a landfill constituted an uncompensated taking and violated their rights to due process. *Id.* at 663. We concluded that the due process challenge to landfill permitting procedures by adjacent property owners was "premature" where "[n]o deprivation of property . . . ha[d] yet occurred . . . . [and] certainly [would] not occur at least until the permit process . . . ha[d] run its course." *Id.* at 664 (citing *Williamson County Regional Planning Comm'n v. Hamilton*

*Bank*, 473 U.S. 172, 199-200 (1985)).

As plaintiffs note, however, *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036 (5th Cir. 1998), limits *Smith*'s application here. In *Hidden Oaks*, *id.* at 1045 n.6, we held that procedural due process claims not arising from or ancillary to a takings claim are not subject to the ripeness constraints set forth in *Williamson*. Because the instant plaintiffs have not asserted a takings claim, the ripeness test articulated in *Williamson County* and applied in *Smith* does not control.

This does not end the ripeness inquiry, however. Although plaintiffs' claim need not satisfy the specific test applicable to takings claims, it still must comply with the principles governing ripeness determinations generally.[3] Those principles direct courts "[to] dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). In making this determination, "[t]he key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"[4] "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.* at 587.

Under these principles, this dispute is not

---

[2] *Id.*; *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" (citation and internal quotation marks omitted)).

[3] *See John Corp. v. City of Houston*, 214 F.3d 573, 586 (5th Cir. 2000) ("In determining that [plaintiffs'] procedural due process claim is unripe, we do not apply *Williamson County* per se, but rather the general rule that a claim is not ripe if additional factual development is necessary.").

[4] *Id.* at 586-87 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

ripe for judicial resolution. The plaintiffs contend they have been injured by TCEQ's failure to afford them due process in its consideration of the landfill permit. The constitutional right to due process is not, however, an abstract right to hearings conducted according to fair procedural rules. Rather, it is the right not to be deprived of life, liberty, or property without such procedural protections.[5]

Even assuming plaintiffs have identified constitutionally protected property interests that would be harmed by approval of the permit application, they have not suffered any deprivation, because the TCEQ permitting process has not yet run its course. The application may or may not be granted, and thus plaintiffs may or may not be harmed. Therefore, until the TCEQ issues the permit, this dispute remains "abstract and hypothetical"[6] and thus unripe for judicial review.[7]

The injunction is VACATED, and this matter is REVERSED and REMANDED for any necessary proceedings.[8]

---

[5] U.S. CONST. amend. XIV, § 1; *see Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001) ("To bring a procedural due process claim under § 1983, a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest."); *Johnson v. Morris*, 903 F.2d 996, 999 (4th Cir. 1990) ("In order to claim entitlement to the protections of the due process clause . . . a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, and that he has been 'deprived' of that protected interest by some form of 'state action.'" (citation and internal quotation marks omitted)).

[6] *New Orleans Pub. Serv.*, 833 F.2d at 586.

[7] *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not (continued...)

[7] (...continued)
occur as anticipated, or indeed may not occur at all." (citation and internal quotation marks omitted)).

[8] The motion to dismiss for mootness is DENIED.

4