United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2003

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-40389
Summary Calendar
_____

RAUL GARZA TAMEZ,

                                                    Plaintiff-Appellant,

versus

SAMMY BUENTELLO, BILL CHEATHAM;
WARDEN MOORE; CARL JEFFRIES,
Assistant Director of Programs Services;
FRANK HOKE, Acc to courts programer;
NOEL J. WINNER, Lieutenant,

                                                    Defendants-
                              Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-398
--------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

        Raul Garza Tamez, Texas prisoner #718879, appeals from the dismissal of his 42 U.S.C. §

1983 action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), and

_____

        *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a)(1). Tamez moves to supplement the record on appeal; his motion to supplement is DENIED.

Tamez's contentions arise from his allegedly erroneous classification as a member of the Mexican Mafia prison gang. He alleges that his erroneous classification led to his confinement in administrative segregation; his exclusion from the GRAD program for former gang members; and denial of legal visits with other prisoners.

Tamez had no due process right to the removal of false information in his prison record. *Velasquez v. Woods*, 329 F.3d 420, 421-22 (5th Cir. 2003). He had no liberty interest that was violated by his placement in administrative segregation. *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996). To the extent that classification as a gang member may have deprived Tamez of the ability to advance in good-time earning capability, that did not give rise to a constitutional claim. *Malchi v. Thaler*, 211 F.3d 953, 957, 959 (5th Cir. 2000).

Tamez's exclusion from the GRAD program did not inevitably affect the duration of his sentence and therefore did not infringe on Tamez's constitutional rights. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Tamez's contention that GRAD participants are required to waive their privilege against self-incrimination is not ripe for judicial review. *See Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

Tamez had no right to legal assistance by other prisoners. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). We need not address Tamez's allegation that a pleading in another case was delayed due to the denial of legal visits, as Tamez did not make that allegation in the district court. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Tamez's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal therefore should be dismissed. 5TH CIR. R. 42.2. The district court's dismissal of the current case and this court's dismissal of the appeal count as two strikes against Tamez for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Tamez previously had an action dismissed as frivolous. *Tamez v. Zeller*, No. H-98-1069 (S.D. Tex. Mar. 17, 2000 & Jan. 25, 2000). Tamez has attained three-strike status. He may not proceed in forma pauperis (IFP) in any civil action or appeal unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

APPEAL DISMISSED. 5TH CIR. R. 42.2. MOTION TO SUPPLEMENT DENIED. 28 U.S.C. § 1915(g) SANCTION IMPOSED.