United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-60537
Summary Calendar

ASAD A. ABDALLAH,

Petitioner,

versus

ALBERTO R. GONZALEZ, U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 221 704
-----------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Asad Abdallah, a stateless Palestinian, conceded that he was removable from the United States and has petitioned this court for review of the order of the Board of Immigration Appeals (BIA) adopting a decision of the immigration judge (IJ) denying his request for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will uphold the decision unless the "evidence compels a contrary conclusion." See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Evidence of Abdallah's harassment by Israeli soldiers does not compel a finding of past persecution or a well-founded fear of future persecution. Cf. Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996) (alien twice detained and beaten for participation in large demonstrations did not establish past persecution); Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994) (alien did not suffer persecution when he was detained for three days, questioned about his participation in terrorist organizations, and beaten); Fleurinor v. INS, 585 F.2d 129, 132 (5th Cir. 1978) (alien beaten during a ten-day detention did not establish probable persecution).

Because Abdallah has not shown persecution or a well-founded fear of persecution as required for obtaining asylum, he also has not shown a "clear probability" of persecution as required by the more stringent standard for withholding of deportation. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Similarly, he has not cleared "the higher bar of torture" as required for relief under the CAT. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

Contrary to Abdallah's contentions, the July 28, 1951, United Nations "Convention relating to the Status of Refugees" (Convention) does not give Abdallah any rights beyond what he already enjoys under United States immigration statutes. See INS v. Stevic, 467 U.S. 407, 421-28 (1984); see also Faddoul, 37 F.3d at 190 (holding that "stateless individuals must demonstrate the same well-founded fear of persecution as those with nationalities").

Abdallah contends that the IJ's order that he be removed "to such nation as may accept him" demonstrates that he is entitled to asylum because his removal is impracticable, inadvisable, or impossible and that it deprives him of due process by removing him "to nowhere." The removal order

specifying removal to "such country as may accept" Abdallah is facially valid under immigration statutes and does not establish that he is entitled to asylum. See 8 U.S.C. § 1231(b) (providing various alternative destinations for aliens being removed). Moreover, Abdallah has not shown that he has sought or been refused admission to another country. His speculative contentions entitle him to no relief. See Smith v. City of Brenham, Tex., 865 F.2d 662, 664 (5th Cir. 1989) (affirming dismissal of premature due-process claim).

We decline to consider Abdallah's "Record Excerpt" about a Palestinian stowaway because that evidence was outside the administrative record. See Harris v. United States, 19 F.3d 1090, 1096 n.7 (5th Cir. 1994).

The petition for review is DENIED.