United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————

No. 04-60899
Summary Calendar

————————

AKBAR ALI

Petitioner

v.

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL

Respondent

--------------------
Petition for Review of an
Order of the Board of Immigration Appeals,
BIA No. A79 007 835
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Akbar Ali, a native and citizen of Pakistan, petitions this court to review an order of the Board

of Immigration Appeals (BIA), adopting and affirming the immigration judge's (IJ) denial of his

request to continue removal proceedings based on a pending application for labor certification. Ali

does not contest the IJ's decision, affirmed by the BIA, to grant him the privilege of voluntary

departure, rather than removal, but only appeals the refusal to grant a continuance of the proceedings.

The court is typically limited to reviewing the order of the BIA, but we may also review the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

underlying decision of the IJ to the extent it influenced the BIA's order.[1] Here, the BIA adopted and affirmed the IJ's order, but also provided additional arguments to support the IJ's decision to deny Ali's request for continuance. Thus, we may review the orders of both the BIA and the IJ. We review the BIA's affirmance of the IJ's denial of a continuance for abuse of discretion.[2] "The grant of a continuance of a deportation hearing lies within the sound discretion of the [IJ], who may grant a continuance upon a showing of good cause."[3]

As a threshold matter, the government argues that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives this court of jurisdiction to review the BIA's order because the order affirms a discretionary decision of the IJ. This court has recently held that § 1252(a)(2)(B)(ii) does not strip the court of jurisdiction to review discretionary decisions authorized by regulations rather than subchapter II of the Immigration and Nationality Act (INA).[4] As the discretion to grant a continuance is authorized by regulation rather than the INA, the court has jurisdiction to review the order of the BIA affirming the IJ's denial of Ali's request for continuance.

Ali contends that the IJ's denial, and the BIA's affirmance, were an abuse of discretion because Ali had an application for labor certification pending before the Texas Workforce Commission and could file to adjust his status to permanent legal resident under section 245(i) of the

---

[1]*Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (deeming review of the IJ's findings appropriate where the BIA specifically adopted those findings).

[2]*Witter v. INS*, 113 F.3d 549, 555–56 (5th Cir. 1997).

[3]*Id.* at 555; *see also* 8 C.F.R. § 1003.29 ("The [IJ] may grant a motion for continuance for good cause shown.").

[4]*Zhao v. Gonzales*, 404 F.3d 295, 302–03 (5th Cir. 2005); *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 466–67 (5th Cir. 2005).

INA as soon as the state and federal labor departments approved the application. Although the IJ denied Ali's request for continuance without stating a reason, the BIA, in its order affirming the IJ's decision, noted that Ali had not shown that he met the requirements of section 245(i). Eligibility to adjust status under section 245(i) of the INA requires a showing that the labor certification application was filed on or before April 30, 2001.[5] Though Ali contends in his brief that an employer filed an application on his behalf by the 2001 deadline, the record contains no evidence to support this contention. Because Ali cannot show that he would meet the requirements of section 245(i) for adjusting status if the IJ continued the removal proceedings, Ali has shown no cause, much less good cause, for continuance. The IJ therefore did not abuse his discretion by denying the request for continuance, and the BIA did not abuse its discretion by affirming the IJ's decision.

Ali also claims violations of his rights to due process and equal protection. Because Ali failed to cite any legal authority or provide adequate argument to support either claim, as required by Rule 28(a) of the Federal Rules of Appellate Procedure, Ali waived the claims.[6]

**PETITION DENIED**.

---

[5] 8 U.S.C. § 1255(i) (2005).

[6] *See* Fed. R. App. P. 28(a)(9) (requiring appellant's brief to include "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding an argument waived for failure to cite authority).