United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-60343
Summary Calendar

————————————————

IMTIAZ ALI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

————————————————

On Petition for Review from an Order of
the Board of Immigration Appeals
No. A95-319-948

————————————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:


Imtiaz Ali petitions for review from the Board of Immigration
Appeals ("BIA").  The BIA affirmed without opinion the immigration
judge's ("IJ") order of removal.  We deny the petition.


I.  BACKGROUND

Ali, a citizen of Pakistan, entered the United States on a
visitor's visa in May of 2000.  He was authorized to remain in the
country for one year.  Ali overstayed.

In 2002, the Attorney General announced a new National Security
Entry/Exit Registration System ("NSEERS"), which required male

nonimmigrant aliens from designated countries to be fingerprinted and registered. *See generally*, *Roudnahal v. Ridge*, 310 F. Supp. 2d 884, 885-87 (N.D. Ohio 2003). The program allowed the Department of Homeland Security to more closely monitor aliens "who may present elevated national security concerns" because they are from countries where Al-Qaeda or other terrorist organizations have been active. Press Release, Dep't of Homeland Security, Fact Sheet: Changes to National Security Entry/Exit Registration System (NSEERS) (December 1, 2003), *available at* http://www.dhs.gov/ dhspublic/display?theme=43&content=3020. Pakistan was among those countries designated. Ali duly registered, and this apparently brought him to the attention of the immigration authorities.

On May 9, 2003, Ali was placed in removal proceedings. The Government charged him with overstaying his visa, 8 U.S.C. § 1227(a)(1)(B), and with violating the conditions of his nonimmigrant status by accepting unauthorized employment, 8 U.S.C. § 1227(a)(1)(C)(i). Over the Government's objections, the IJ continued Ali's case seven times for a variety of reasons, including lawyer preparation, scheduling conflicts, and a family-related emergency. On January 6, 2004, the IJ denied Ali's request for an eighth continuance and ordered him removed. The IJ granted Ali's alternative request for voluntary departure. The BIA affirmed without opinion. Before this Court, Ali challenges the order of removal on the grounds that (1) the IJ abused his discretion by

refusing him a continuance to pursue labor certification; (2) evidence obtained pursuant to NSEERS should have been excluded because that program violated the equal protection principles of the Fifth Amendment; and (3) evidence was obtained in violation of Department of Justice regulations and should have been excluded. Ali also argues that he remains eligible to adjust his status even though the stated deadline for his voluntary departure has passed.

## II. DISCUSSION

### A. DENIAL OF CONTINUANCE

At Ali's final hearing, the IJ denied his request for an eighth continuance. Ali contends that he should have been permitted the continuance to pursue labor certification, citing the Seventh Circuit's decision in *Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004). An IJ may grant a continuance only "for good cause shown." 8 C.F.R. § 1003.29. The grant of a continuance "lies within the sound discretion of the immigration judge." *Witter v. I.N.S.*, 113 F.3d 549, 555-56 (5th Cir. 1997). "When, as in this instance, the BIA affirms without opinion, we review the IJ's decision." *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). We hold that the IJ did not abuse his discretion.

We have frequently faced claims relating to labor certification applications in recent months. Assessing these claims in the wake of the Seventh Circuit's *Subhan* decision, we have repeatedly held

that to show cause for a continuance an alien must, at a minimum, "mak[e] some showing before the IJ" that the application was filed on or before April 30, 2001. *Ramchandani v. Gonzales*, __ F.3d __, 2005 WL 3485873, *1–2 (5th Cir. Dec. 21, 2005); *see (Nizar) Ali v. Gonzales*, 2006 WL 73613 (5th Cir. Jan. 11, 2006) (unpublished); *(Akbar) Ali v. Gonzales*, 2005 WL 3150723, *1 (5th Cir. Nov. 28, 2005) (unpublished). This is because an alien is only eligible to adjust status under section 245(i) of the INA if the labor certification application was filed on or before April 30, 2001. *Id.* Absent some showing that the labor certification application was timely filed, "the alien cannot show that he would meet the statutory requirements [for relief] . . . even if the case were continued." *Ramchandani*, __ F.3d at __, 2006 WL 3485873, at *2.

Ali failed to make a showing before the IJ that his labor certification application was filed on or before April 30, 2001. At his hearing before the IJ on December 2, 2003, Ali claimed that he had a labor certification pending. The IJ granted a seventh continuance until January 6, 2004 and specifically informed Ali that he would need to produce evidence or written applications relating to labor certification before meriting any further relief on that ground. Ali did not do so.[1] Accordingly, the IJ's decision to deny

_____

[1] Ali attached some evidence of a timely labor certification application to his brief to the BIA on appeal. This is insufficient because the showing of good cause must be made before the IJ, not the BIA. *See* 8 C.F.R. § 1003.29. "Except for taking administrative notice of commonly known facts such as

4

a further continuance was not an abuse of discretion.[2]

Ali also argues that the IJ's decision denied him due process. His claim is similarly unavailing when framed in due process terms. We have previously held that the denial of a continuance does not violate due process where an alien fails to show good cause. *See Bright v. I.N.S.*, 837 F.2d 1330, 1332 (5th Cir. 1988); *Patel v. U.S. I.N.S.*, 803 F.2d 804, 806–07 (5th Cir. 1986). In sum, Ali's claim that he was entitled to an eighth continuance is without merit.


B. SUPPRESSION OF NSEERS EVIDENCE

Ali also claims that NSEERS violates the equal protection principles embodied in the Fifth Amendment, arguing that it discriminates on the basis of nationality, gender, race, and

---

current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." 8 CFR § 1003.1. The proper method for presenting additional evidence to the immigration courts is through a motion to reopen. *See Witter v. I.N.S.*, 113 F.3d 549, 556 (5th Cir. 1997). None was filed here.

[2] Because there was no showing that Ali's application was timely filed, we again "decline to further address the persuasiveness of the reasoning in *Subhan*." *(Nizar) Ali*, 2006 WL 73613, at *3. We note, however, that there is a Circuit split as to whether evidence of a timely filed, pending labor certification application amounts to good cause for a continuance. The Eleventh Circuit has rejected the Seventh Circuit's position that it does. *See Zafar v. United States Atty. Gen.*, 426 F.3d 1330, 1135-36 (11th Cir. 2005); *Pirzada v. U.S. Atty. Gen.*, 2006 WL 167454 (11th Cir. Jan. 24, 2006) (unpublished).

religion.[3]  He contends that this alleged constitutional infirmity requires the exclusion of all evidence obtained through NSEERS.  We review *de novo* claims of constitutional error in immigration proceedings.  *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003).

Even assuming *arguendo* that NSEERS is a violation of equal protection,[4] Ali's argument is flawed for at least two reasons. First, the exclusionary rule does not ordinarily apply to removal proceedings.  Administrative immigration cases are civil.  *See United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002). "The Supreme Court has never applied the exclusionary rule to civil cases, state or federal."  *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997).  Indeed, the Supreme Court has specifically refused to extend the exclusionary rule to immigration proceedings, citing the high social costs of allowing an alien to remain illegally in this country and the incompatibility of the rule with the administrative nature of those proceedings.  *See I.N.S. v. Lopez-Mendoza*, 468 U.S.

---

[3] These last two classifications, Ali claims, are implicit because the program targets (with the exception of North Korea) "primarily Muslim/Arab countries."

[4] We note that NSEERS's nationality classification has been repeatedly upheld by this Court and others against constitutional attack.  *See (Nizar) Ali*, 2006 WL 73613, at *3; *Lakhani v. Gonzales,* 2006 WL 73616, *4 (5th Cir. Jan. 11, 2006) (unpublished); *Sewani v. Gonzales*, 2006 WL 39251, *2 (5th Cir. Jan. 9, 2006) (unpublished); *Zafar*, 426 F.3d at 1336; *Roudnahal*, 310 F.Supp.2d at 892.

1032, 1050 (1984); *see also Mendoza-Solis v. I.N.S.*, 36 F.3d 12, 14 (5th Cir. 1994) ("It is well established that the fourth amendment exclusionary rule is not to be applied in deportation proceedings.") Additionally, Ali cites no authority for the proposition that suppression of evidence is an appropriate remedy for violations of equal protection, even in criminal proceedings. *See United States v. Lopez-Moreno*, 420 F.3d 420, 434 (5th Cir. 2005) (declining to reach the issue but noting, "Neither the Supreme Court nor our Court has ruled that there is a suppression remedy for violations of the Fourteenth Amendment's Equal Protection Clause").

Second, Ali has not shown any prejudice. He fails to point us to a particular piece of evidence that was obtained pursuant to NSEERS and used against him. Additionally, Ali admitted that he was removable when he appeared before the IJ on January 6. Thus, assuming *arguendo* that NSEERS is unconstitutional, and even if suppression were an appropriate remedy, any violation of Ali's equal protection rights would be harmless. *See Beltran-Resendez v. I.N.S.*, 207 F.3d 284, 287 (5th Cir. 2000). For these reasons, Ali's equal protection/suppression claim fails.

C. SUPPRESSION OF EVIDENCE OBTAINED IN VIOLATION OF SECTION 287.3

Ali's third claim is that evidence obtained at his NSEERS interview should have been suppressed because it was obtained in violation of 8 C.F.R. § 287.3. That regulation provides that aliens

arrested without a warrant should be advised, *inter alia*, of the reasons for their arrest and that statements made could be used against them in subsequent proceedings. The record contains no evidence to support Ali's claim that the immigration authorities violated section 287.3. There is nothing in the record to show that Ali was arrested without a warrant or that he was interrogated without being advised of his rights. Furthermore, as with his equal protection claim, Ali (1) cites no authority for the proposition that a suppression remedy would be appropriate for violations of section 287.3[5] and (2) fails to show any prejudice since he does not point us to a particular statement that should have been suppressed and since he admitted his removability. Accordingly, Ali's section 287.3 claim is without merit.

D. ELIGIBILITY FOR FURTHER RELIEF

Lastly, Ali argues that he remains eligible for additional relief before the Immigration Court. The BIA ordered that Ali had until April 24, 2005 to depart voluntarily. That date has passed. The voluntary departure statute provides that an alien who fails to depart within the specified period shall "be ineligible for a period of 10 years for any further relief." 8 U.S.C. § 1229c(d). Ali argues that the voluntary departure period has been tolled by his

---

[5] Other Circuits have held that no such remedy is warranted. *See Navarro-Chalan v. Ashcroft,* 359 F.3d 19, 20 (1st Cir. 2004); *Odukwe v. I.N.S.*, 977 F.2d 573 (4th Cir. Oct. 22, 1992) (unpublished).

filing of a petition for review in this Court. He asks us to declare that section 1229c(d) is inapplicable and that he remains eligible "for all relief available to him including adjustment of status in further proceedings before the Immigration Court." We have no jurisdiction to do so.

To our knowledge, Ali has neither moved to reopen nor applied to adjust his status. The BIA has not had an opportunity to rule on this relief. We have no power to preemptively proclaim incorrect a decision that the BIA has not yet made. Ali's claim is not ripe. *See United States v. Garcia*, 416 F.3d 440, 441 (5th Cir. 2005); *Abdallah v. Gonzales*, 132 Fed Appx. 12, 13 (5th Cir. 2005) (unpublished).

## III. CONCLUSION

For the reasons stated above, Ali's petition for review is DENIED.