United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60276
Summary Calendar

SAROWAR HOSEN MOHAMMAD,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 011 679
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sarowar Hosen Mohammad petitions for review of the decision
of the Board of Immigration Appeals (BIA).  For the reasons that
follow, the petition for review is denied.

Mohammad challenges the denial of his motion for a
continuance.  Both the Immigration Judge and the BIA determined
that Mohammad's pending application for labor certification did
not constitute good cause to continue the removal proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This determination was not an abuse of discretion.  See Ahmed v. Gonzales, ___ F.3d ___, 2006 WL 1064196, *5 (5th Cir. Apr. 24, 2006).

Mohammad also argues that any information obtained through the National Security Entry/Exit Registration System (NSEERS) should have been excluded from removal proceedings because NSEERS is unconstitutional.  Even assuming that NSEERS is unconstitutional and that suppression is an appropriate remedy, Mohammad is not entitled to relief.  Mohammad has not identified any particular piece of information that should have been suppressed.  Additionally, his admission to the facts contained in the notice to appear established that he was subject to removal.  Accordingly, he has failed to establish prejudice, and any error is harmless.  See Ali v. Gonzales, 440 F.3d 678, 680-81 (5th Cir. 2006).

Mohammad next argues that the information obtained through his NSEERS interview should be suppressed because it was obtained in violation of the safeguards established in 8 C.F.R. § 287.3. Mohammad has not established that a violation of § 287.3 occurred, nor has he established that suppression is an appropriate remedy for a violation of that regulation. Nevertheless, assuming that § 287.3 was violated and suppression is an appropriate remedy, Mohammad fails to establish prejudice. Accordingly, he is not entitled to relief.  See Ali, 440 F.3d at 682.

Finally, Mohammad asks this court to declare that he remains eligible for relief from the Immigration Court based on his contention that a timely petition for review tolls the voluntary departure period. We decline to do so. See id.

The petition for review is DENIED.