United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60717
Summary Calendar

_____

ASAD IQBAL ABDUL AZIZ

                    Petitioner

    v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

                    Respondent

                --------------------
        Petition for Review of an Order of the
              Board of Immigration Appeals
                  BIA No. A79 005 390
                --------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Asad Iqbal Abdul Aziz, a native and citizen of Pakistan,
appeals from the Board of Immigration Appeals (BIA) affirmance of
the Immigration Judge's (IJ) order of deportation.  This court
will review the decision of the IJ as the BIA relied upon it in
its decision.  Mikhael v. INS, 115 F.3d 299, 302.  We review
factual conclusions for substantial evidence and questions of law
de novo.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir.
1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aziz argues that his due process rights were violated during a National Security Entry-Exit Registration System (NSEERS)[**] interview. He argues that, in violation of 8 C.F.R. 287.3 (b) & (c), he was neither advised of his right to remain silent nor that the information he provided could be used against him at a later proceeding. He concludes that the IJ erred in failing to suppress the information that he provided at the NSEERS interview and on his Form I-213 Record of a Deportable/Inadmissible Alien.

This court has previously held that "Miranda[***] warnings are not required in the deportation context, for deportation proceedings are civil, not criminal in nature, and the Sixth Amendment safeguards are not applicable." See Bustos-Torres v. INS, 898 F.2d 1053, 1056 (5th Cir. 1990).

Likewise, the exclusionary rule is inapplicable in deportation proceedings. INS v. Lopez-Mendoza, 468 U.S. 1032, 1050 (1984); Ali v. Gonzalez, 440 F.3d 678, 681 (5th Cir. 2006). To the extent that the Supreme Court has indicated that an exception may exist for egregious conduct, Aziz's argument on this ground fails as he cannot demonstrate substantial prejudice. See Lopez-Mendoza, 468 U.S. at 1050-51; Ka Fung Chan v. INS, 634 F.2d 248, 258 (5th Cir. 1981). Aziz conceded at his removal

---

[**] The NSEERS program permits the Department of Homeland Security (DHS) to monitor aliens "who may present elevated national security concerns" because they hail from countries associated with active terrorist organizations. See Ali v. Gonzalez, 440 F.3d 678, 679 (5th Cir. 2006); 8 U.S.C. § 1303.

[***] Miranda v. Arizona, 384 U.S. 436 (1966).

hearing to the facts in his Form I-213 which he seeks to suppress.  See Ali, 440 F.3d at 682.

Aziz challenges the validity of his Notice to Appear because it was signed by the Interim District Director, who Aziz argues was unauthorized since "Interim District Director" is not listed in 8 C.F.R. § 239.1, which regulates who may issue a Notice to Appear.  Aziz's argument is meritless as the statute allows for another officer, such as the Interim District Director in Aziz's case, to act in the capacity of the District Director until the position is permanently filled.  See 8 C.F.R. § 239.1.

Accordingly, Aziz's petition for review is DENIED.