

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2006

# Shaybob v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Shaybob v. Atty Gen USA" (2006). *2006 Decisions.* Paper 740.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/740

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3636
_____

MEDHAT M. SHAYBOB,
                    Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
                    Respondent

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A70-850-459)

_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges.

(Filed: July 17, 2006 )

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Petitioner Medhat Shaybob petitions for review of the Board of Immigration Appeals ("BIA")'s affirmance of Immigration Judge ("IJ") Daniel Meisner's denial of his application for cancellation of removal under § 240A(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b).  For the reasons set forth below, we will deny the petition for review.

## I.

Shaybob, a native and citizen of Egypt, entered the United States in 1991 as a non-immigrant visitor.  He remained in the United States longer than permitted, subjecting himself to deportation as an overstay visitor.  In 1998 Shaybob had a daughter, Manal, with legal permanent resident Jamail Eisenberg, whom he married in 2000.  They later separated, but Shaybob remained a part of Manal's life.

The IJ entered a final order of removal against Shaybob on February 2, 2004. Before the IJ, Shaybob sought cancellation of removal pursuant to § 240A(b) of the INA, 8 U.S.C. § 1229b(b).  The IJ found that Shaybob met the first three requirements of § 240A(b).  However, the IJ held that Shaybob failed to establish that his removal would work "an exceptional and extremely unusual hardship" on his daughter under §240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D), and accordingly, denied his application for cancellation of removal.

2

Shaybob appealed the denial of the cancellation of removal to the BIA, which affirmed and adopted the IJ's decision. In his appeal, Shaybob also made a claim of ineffective assistance of his prior counsel and a constitutional claim that certain provisions of the immigration laws, specifically the Special Call-In Registration Program ("Call-In Program"), violated the Equal Protection component of the Due Process Clause of the Fifth Amendment.[1] The BIA denied Shaybob's ineffective assistance of counsel claim because it found that he had not complied with the requirements of *In re Lozada*, 19 I&N Dec. 637 (BIA 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988). It did not rule on Shaybob's constitutional claim, stating that it lacked authority to "rule on the constitutionality of laws enacted by Congress." We review both the IJ's and the BIA's rulings because the BIA adopted the opinion of the IJ and rendered its own opinion on the ineffective assistance of counsel claim. *See Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir. 2002).

**II.**

Shaybob first contends that he satisfied the statutory requirements of § 240A(b) of the INA, 8 U.S.C. § 1229b, and, thus, was entitled to cancellation of removal. The

---

[1] The Call-In Program is part of the National Security Entry/Exit Registration System ("NSEERS") and requires certain aliens from countries identified by the Attorney General as constituting elevated national security concerns to report for registration, fingerprinting, and photographing by the Department of Homeland Security. *See* 8 C.F.R. § 264.1(f)(4); 8 U.S.C. §§ 1303, 1305. Removal proceedings were instituted against Shaybob after he self-reported in compliance with the Call-In Program requirements, thereby bringing the overstay of his visa to the attention of immigration authorities.

3

government, on the other hand, argues that we lack jurisdiction to review the IJ's dispositive "exceptional and extremely unusual hardship" determination. INA § 242(a)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(B)(i). We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1), but we may not review denials of discretionary relief, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). Yet we have held that the jurisdiction-stripping provision of § 1252(a)(2)(B) does not preclude us from reviewing non-discretionary aspects of discretionary decisions, such as constitutional claims or questions of statutory interpretation. *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir. 2003). In *Mendez-Moranchel*, we held that whether an alien has demonstrated the "exceptional and extremely unusual hardship" required to qualify for cancellation of removal is a discretionary determination that we lack jurisdiction to review. *Id*. at 178-79.

Shaybob attempts to avoid the effect of this holding by claiming that the IJ erred as a matter of law because he did not consider all of the hardships that Shaybob's removal would cause for his United States citizen child. We examined and rejected an analogous argument in *Sanchez v. Ashcroft*, 94 F. App'x 885 (3d Cir. 2004). There, the petitioner argued that the IJ applied an incorrect legal standard in assessing petitioner's cancellation of removal claim. *Id*. at 886. We stated that we could not "successfully determine whether the IJ applied the correct legal standard . . . without analyzing the merits of the IJ's decision to deny [the] request for cancellation." *Id*. at 888 (citing *Carriche v.*

4

*Ashcroft*, 350 F.3d 845, 854 (9th Cir. 2003)). Addressing the merits of the IJ's decision would entail a review of the final decision denying cancellation of removal, which is discretionary and, thus, outside of our jurisdiction. *Id*. at 887-88. Similarly, Shaybob's claim that the IJ did not examine all of the hardship factors would require us to consider the merits of the IJ's decision. Thus, as in *Sanchez*, we lack jurisdiction over this aspect of Shaybob's petition for review. *See* INA § 242(a)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(B)(i).

Second, Shaybob argues that his application for cancellation of removal should be granted because his ineffective assistance claim satisfied the *Lozada* criteria. We have jurisdiction to review Shaybob's ineffective assistance of counsel claim because aliens "in deportation proceedings enjoy Fifth Amendment Due Process protections," which entail a right to counsel. *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). However, Shaybob's claim is without merit because, as the BIA found, he failed to comply with the requirements of *In re Lozada*, 19 I&N Dec. 637 (B.I.A. 1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988). To comply with *Lozada*, a petitioner must (1) support his ineffective assistance of counsel claim with an affidavit "attesting to the relevant facts"; (2) inform counsel of the allegations and provide him with an opportunity to respond; and (3) file a complaint with the appropriate disciplinary authorities or explain why he did not file such a complaint. *Zheng v. Gonzales*, 422 F.3d 98, 106 (3d Cir. 2005) (citing *Lozada*, 19 I&N Dec. at 639). We have held that the BIA's *Lozada* test is not an abuse of the BIA's discretion. *Lu*, 259 F.3d at 133. Although strict adherence to *Lozada* is not necessary, *id*. at 135, Shaybob

5

failed to comply with any of the requirements. We will not grant a petition to review on this basis.

Finally, Shaybob argues that the Call-In Program, part of the National Security Entry-Exit Registration System (NSEERS), violates equal protection because it targets aliens based on their country of origin. We have jurisdiction to review substantial constitutional claims, including equal protection and due process claims, raised in immigration proceedings. 8 U.S.C. § 1252(a)(2)(D); *Zafar v. Att'y Gen.*, 426 F.3d 1330, 1336 (11th Cir. 2005). However, Shaybob's claim lacks merit.

The Call-In Program does not violate the Equal Protection guarantee of the Fifth Amendment. In *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), the United States Supreme Court established that the Attorney General has wide-ranging discretion to initiate removal proceedings against aliens who violate immigration laws. *Id*. at 491. Removal proceedings instituted as a result of information gleaned through an alien's compliance with the Call-In Program have repeatedly been upheld as a legitimate exercise of this prosecutorial discretion. *See Zafar*, 426 F.3d at 1336; *Ahmed v. Gonzales*, 447 F.3d 433, 439-40 (5th Cir. 2006); *Ali v. Gonzales*, 440 F.3d 678, 681 n.4 (5th Cir. 2006); *Roudnahal v. Ridge*, 310 F. Supp. 2d. 884, 892 (N.D. Ohio 2003). The power to exclude or expel particular classes of aliens is historically within the province of the political branches and "largely immune to judicial control." *Fiallo v. Bell*, 430 U.S. 787, 792 (1977). We will join the courts that have rejected such equal protection claims.

6

## III.

We will deny Shaybob's petition for review.