United States Court of Appeals
Fifth Circuit

**F I L E D**

September 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60320
_____

NURUDDIN KARIM ALI KHOJA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

_____

On Petition for Review from an Order of
the Board of Immigration Appeals

_____

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Nuruddin Karim Ali Khoja petitions this Court to review his order of removal.  Because Khoja's arguments are refuted by precedent directly on point, we deny the petition.

Khoja first claims that his removal order is invalid because the federal government's National Security Entry/Exit Registration System ("NSEERS"), which brought him to the attention of the immigration authorities, violates equal protection.  We rejected the same argument Khoja makes here in two recent decisions, which

---

[*]  Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

held that any impact NSEERS has on removal proceedings does not amount to a violation of equal protection. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) (challenge to initiation of proceedings); *Ali v. Gonzales*, 440 F.3d 678, 681-82 (5th Cir. 2006) (suppression claim). Under *Ahmed* and *Ali*, Khoja's equal protection claim fails.

Khoja's second claim is that evidence obtained from his NSEERS interview must be suppressed because it was gathered in violation of 8 C.F.R. § 287.3. We rejected this argument in *Ali*, holding (1) that the exclusionary rule does not ordinarily apply to civil removal proceedings and (2) that any error was harmless where the petitioner admitted removability and failed to point to any specific piece of evidence that should have been suppressed. 440 F.3d at 682. As with the petitioner in *Ali*, Khoja fails to cite any authority showing that the exclusionary rule should apply. In addition, any error is harmless because Khoja admitted his removability and does not point to any particular piece of evidence that should have been excluded. *Ali* refutes Khoja's second claim.

Third, Khoja claims, citing the Seventh Circuit's decision in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), that the Immigration Court abused its discretion by denying him a continuance to pursue labor certification. We rejected *Subhan*'s analysis in *Ahmed*, 447 F.3d at 438-39, holding instead that a pending labor certification does not amount to good cause for a

2

continuance because the chances that a pending labor certification will actually become grounds for relief are too speculative: "[T]he receipt of [a] pending labor certification [i]s only the first step in [a] long and discretionary process." *Id*. at 439. In accord with *Ahmed*, we reject Khoja's third claim.

Khoja's final argument is that he remains eligible for additional relief before the Immigration Court because (1) his instant petition for review tolls the voluntary departure clock and (2) the non-adjudication of his labor certification represents exceptional circumstances for his failure to depart. These claims are not ripe for our review. *See Ali*, 440 F.3d at 682.

In conclusion, the petition for review is DENIED.

3