**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 13, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60504

MOHAMMED ZAHID HASAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

On Petition for Review from an Order of
the Board of Immigration Appeals

Before BARKSDALE, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mohammed Zahid Hasan petitions this Court to review his order
of removal. Because Hasan's arguments are refuted by precedent
directly on point, we deny the petition.

Hasan first claims that his removal order is invalid because
the federal government's National Security Entry/Exit Registration
System ("NSEERS"), which brought him to the attention of the
immigration authorities, violates equal protection. We rejected
the same argument Hasan makes here in two recent decisions, which
held that any impact NSEERS has on removal proceedings does not

---

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

amount to a violation of equal protection. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006) (challenge to initiation of proceedings); *Ali v. Gonzales*, 440 F.3d 678, 681–82 (5th Cir. 2006) (suppression claim). Under *Ahmed* and *Ali*, Hasan's equal protection claim fails.

Hasan's second claim is that evidence obtained from his NSEERS interview must be suppressed because it was gathered in violation of 8 C.F.R. § 287.3. We rejected this argument in *Ali*, holding (1) that the exclusionary rule does not ordinarily apply to civil removal proceedings and (2) that any error was harmless where the petitioner admitted removability and failed to point to any specific piece of evidence that should have been suppressed. 440 F.3d at 682. As with the petitioner in *Ali*, Hasan fails to cite any authority showing that the exclusionary rule should apply. In addition, any error is harmless because Hasan admitted his removability and does not point to any particular piece of evidence that should have been excluded. *Ali* refutes Hasan's second claim.

Third, Hasan claims, citing the Seventh Circuit's decision in *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), that the Immigration Court abused its discretion by denying him a continuance to pursue labor certification. We rejected *Subhan*'s analysis in *Ahmed*, 447 F.3d at 438–39, holding instead that a pending labor certification does not amount to good cause for a continuance because the chances that a pending labor certification

2

will actually become grounds for relief are too speculative: "[T]he receipt of [a] pending labor certification [i]s only the first step in [a] long and discretionary process." *Id*. at 439. In accord with *Ahmed*, we reject Hasan's third claim.

Hasan's final argument is that he remains eligible for additional relief before the Immigration Court because (1) his instant petition for review tolls the voluntary departure clock and (2) the non-adjudication of his labor certification represents exceptional circumstances for his failure to depart. These claims are not ripe for our review. *See Ali*, 440 F.3d at 682.

In conclusion, the petition for review is DENIED.