United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61097
Summary Calendar

AMJAD KAMAL BUTT,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 112
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Amjad Kamal Butt petitions for review of the decision of the Board of Immigration Appeals (BIA). We review the decision of the immigration judge as the BIA relied upon it in its decision. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). We review factual conclusions for substantial evidence and questions of law de novo. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

Butt first challenges the validity of the notice to appear because it was signed by an "Interim District Director." Butt

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that Interim District Directors are not authorized to issue notices to appear because they are not listed in 8 C.F.R. § 239.1. This argument is meritless. The regulation allows for another officer, such as the Interim District Director in Butt's case, to act in the "capacity" of the District Director until the position is permanently filled. See 8 C.F.R. § 239.1.

Butt also argues that he has been denied equal protection and that he was the victim of selective enforcement. These claims apparently stem from Butt's registration with the National Security Entry-Exit Registration System (NSEERS), which permits the Department of Homeland Security to monitor aliens "who may present elevated national security concerns" because they hail from countries associated with active terrorist organizations. See Ali v. Gonzales, 440 F.3d 678, 679 (5th Cir. 2006); 8 U.S.C. § 1303. To the extent Butt is challenging the constitutionality of the NSEERS program itself, such a challenge is meritless. See Ali, 440 F.3d at 681 n.4. Any selective enforcement claim also is without merit. See Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 488 (1999).

Butt argues that immigration officials failed to comply with an internal memorandum that suggested removal proceedings should not be initiated against aliens similarly situated to Butt. Even if Butt had produced a copy of this memorandum, which he has not, such internal personnel guidelines do not establish judicially

enforceable rights.  See Loa-Herrera v. Trominski, 231 F.3d 984, 989 (5th Cir. 2000).

Butt also challenges the denial of his motion for a continuance to allow additional time for processing of his wife's pending application for labor certification.  Both the immigration judge and the BIA determined that a pending application for labor certification filed by Butt's wife did not constitute good cause to continue the removal proceedings.  This determination was not an abuse of discretion.  See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006).

The petition for review is DENIED.