**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 05-61072
Summary Calendar

ALTAF HUSSAIN LALANI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
(A79 010 531)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Altaf Hussain Lalani petitions for review of the Board of
Immigration Appeals' (BIA) dismissing his appeal from the
immigration judge's (IJ) denial of his application for withholding
of removal.

Lalani contends: his removal proceedings should be continued
to await adjudication of his labor-certification application; and
the filing of a timely petition for review tolls the voluntary-
departure period, making him eligible for adjustment of status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because these issues were *not* presented to the BIA, we lack jurisdiction to consider them. *See* **Ali v. Gonzales**, 440 F.3d 678, 682 (5th Cir. 2006); **Roy v. Ashcroft**, 389 F.3d 132, 137 (5th Cir. 2004).

We also lack jurisdiction to consider Lalani's claim he is eligible for a one-year filing deadline exception to enable him to seek asylum based on changed circumstances in Pakistan. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3); *see also* **Zhu v. Ashcroft**, 382 F.3d 521, 526-27 (5th Cir. 2005).

Lalani further maintains admission of evidence obtained through the National Security Entry/Exit Registration System (NSEERS) violated his equal-protection and due-process rights because the program unfairly targets a class based upon national origin, race, religion, and gender and is not narrowly tailored to meet the Government's interest in securing its borders. "[T]he exclusionary rule [, however,] does not ordinarily apply to removal proceedings". **Ali**, 440 F.3d at 681. Even assuming *arguendo* a basis for an equal-protection and due-process violation, Lalani does *not* show prejudice; he *admitted* to the facts he now seeks to suppress. *See* **id.** at 681-82. Our court has previously rejected other NSEERS-based equal protection challenges. *See* **Ahmed v. Gonzales**, 447 F.3d 433, 439-40 (5th Cir. 2006); *see also* **Ali**, 440 F.3d at 681 n.4.

Finally, Lalani contends the BIA erred in denying his application for withholding of removal. "To be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return." *Roy*, 389 F.3d at 138 (quotation omitted). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* The alien must present specific facts demonstrating a reason to fear that he will be singled out for persecution. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

"When ... the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed*, 447 F.3d at 437. In determining Lalani failed to prove a clear probability of religious persecution if he returns to Pakistan, the IJ impliedly found Lalani's testimony incredible, noting: Lalani had returned to Pakistan *voluntarily* after traveling to the United States following alleged incidents of harassment in 1993 and 1999; and, although Lalani stated he came to the United States because he feared for his wife and daughter (a United States citizen), his wife and daughter *remained in Pakistan* for several months after Lalani left for the United States. The IJ also found: the alleged incidents of

3

harassment were not serious enough to constitute persecution; and Lalani did not have a position of importance within the Shia community such that he would be a likely target of persecution. A reasonable factfinder would *not* be compelled to conclude Lalani was eligible for withholding of removal. *See **Zhang v. Gonzales***, 432 F.3d 339, 343–45 (5th Cir. 2005); *see also **Efe v. Ashcroft***, 293 F.3d 899, 905-06 (5th Cir. 2002).

*DISMISSED IN PART; DENIED IN PART*