United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60647
Summary Calendar

TEMITAYO O OLOFINJANA

        Petitioner

    v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

        Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 303 029
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

    Temitayo O. Olofinjana petitions this court for review of
the Board of Immigration Appeals's (BIA) denial of his motion to
reconsider its order affirming the immigration judge's (IJ)
denial of his request for a continuance. The respondent argues
that this court is without jurisdiction because Olofinjana was
ordered removed as an alien convicted of a crime involving moral
turpitude. The respondent further contends that the denial of a
continuance does not involve a constitutional claim or a question
of law which would give this court jurisdiction under 8 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1252(a)(2)(D).

The denial of a continuance implicates due process where an alien shows good cause for the continuance. See Ali v. Gonzales, 440 F.3d 678, 680 (5th Cir. 2006); Patel v. U.S., I.N.S., 803 F.2d 804, 806-07 (5th Cir. 1986). Therefore, Olofinjana's argument that the denial of a continuance violated his due process rights because he showed good cause presents a constitutional claim over which we have jurisdiction. See § 1252 (a)(2)(D).

This court reviews the BIA's denial of a motion to reconsider under a highly deferential abuse-of-discretion standard. Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000); Osucukwu v. INS, 744 F.2d 1136, 1141-42 (5th Cir. 1984). An IJ may grant a continuance upon a showing of good cause. Witter v. INS, 113 F.3d 549, 555-56 (5th Cir. 1997). Olofinjana argues that a pending I-130 petition constitutes good cause for a continuance. However, 8 U.S.C. § 1154(c) prohibits the approval of a petition if the Attorney General has determined that an alien entered into a marriage for the purpose of evading immigration laws. The evidence showed that two prior petitions filed on Olofinjana's behalf were denied based on a finding of fraud regarding the marriage upon which the petitions were based. Thus, Olofinjana did not show good cause for a continuance. The BIA did not abuse its discretion in denying Olofinjana's motion

to reconsider its decision affirming the IJ's denial of a continuance.  Olofinjana's petition for review is DENIED.