# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60444
Summary Calendar

SOSTENES DIAZ MAYORGA

Petitioner

V.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 297 802

Before KING, DAVIS and CLEMENT, Circuit Judges.
PER CURIAM:[*]

Sostenes Diaz Mayorga petitions for review of the Board of Immigration Appeals (BIA) order affirming the immigration judge's (IJ) denial of his request for a continuance and dismissing his appeal. Mayorga argues that the IJ abused his discretion and deprived him of due process in denying his request for a continuance.

When, as in this case, the BIA affirms the IJ's decision, relying on reasons set forth in the IJ's decision, this court reviews both the BIA's decision and that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the IJ. See Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). An IJ has discretion to grant an alien's motion for a continuance upon a showing of good cause. 8 C.F.R. § 1003.29; Ali v. Gonzales, 440 F.3d 678, 680 (2006). Because Mayorga failed to show good cause for the granting of a continuance, we find no abuse of discretion. See Ahmed, 447 F.3d at 440; Ali, 440 F.3d at 680.

There is no liberty or property interest in discretionary relief from removal. See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004). The IJ's denial of a continuance so that Mayorga could pursue an adjustment of status did not violate due process. See Ahmed, 447 F.3d at 440.

To the extent that Mayorga argues that the BIA should have remanded under 8 C.F.R. § 1003.1(e)(5) or referred the case to a three-member panel pursuant to § 1003.1(e)(6), he has not shown that his appeal satisfied the criteria for either a referral to a three-member panel or for a remand. See § 1003.1(e)(5), (e)(6).

PETITION FOR REVIEW DENIED.