# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-60492
Summary Calendar

EZEKIEL OLUSANYA AWOLOWO

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 032 231

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ezekiel Olusanya Awolowo petitions this court for review of the Board of Immigration Appeals's (BIA) order affirming the Immigration Judge's (IJ) denial of his request for a continuance. Awolowo sought a continuance of his removal proceedings pending an appeal of the denial of an I-130 petition filed on his behalf.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997); see 8 C.F.R. § 1003.29. An IJ's "decision denying the motion for continuance will not be reversed unless the alien establishes that [the] denial caused him actual prejudice and harm and materially affected the outcome of his case." In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983). This court reviews the BIA's decision affirming the IJ's denial of a continuance for an abuse of discretion. Witter, 113 F.3d at 555.

The IJ continued Awolowo's hearing two times pending the adjudication of his I-130 visa petition. Once the I-130 visa petition was denied, Awolowo became ineligible to adjust status, and because he was ineligible to adjust status, there was no good cause for the continuance, particularly as he did not demonstrate any likelihood for success on appeal and could not advise when his appeal would be adjudicated. See 8 U.S.C. § 1255(a); see also Witter, 113 F.3d at 555-56. Moreover, Awolowo failed to show that the BIA abused its discretion in affirming the IJ's denial of his request for a third continuance as he makes no argument that the denial resulted in prejudice or materially affected the outcome of his case. See In re Sibrun, 18 I & N Dec. at 356-57.

This court lacks jurisdiction to consider Awolowo's complaint that Department of Homeland Security has failed to comply with its own regulations in processing the appeal of the denial of his I-130 petition. See Liu v. INS, 645 F.2d 279, 284-85 (5th Cir. 1981). To the extent that Awolowo argues that the denial of the continuance violated his due process rights, the argument is unavailing because "discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." Ahmed v. Gonzales, 447 F.3d 433, 440 (5th Cir. 2006). Additionally, the denial of a continuance does not violate due process where an alien fails to show good cause. Ali v. Gonzales, 440 F.3d 678, 681 (5th Cir. 2006).

The petition for review is DENIED.