IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-60873
Summary Calendar

ZHONG WEI SUN

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 607 161

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Zhong Wei Sun, a native and citizen of the People's Republic of China, petitions this court to review the Board of Immigration's (BIA) order affirming the Immigration Judge's (IJ) decision denying his motion for continuance, finding him removable, and granting voluntary departure.

Sun argues that the IJ abused his discretion in denying a continuance for adjudication of his pending labor certification. He also argues that he was deprived of due process based on the IJ's denial of a continuance after his labor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification was approved and his visa petition was denied but was still pending final consideration on appeal.

"The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." Masih v. Mukasey, 536 F.3d 370, 373 (5th Cir. 2008); see also 8 C.F.R. § 1003.29. Although the decision is discretionary, we have jurisdiction to review the denial of a motion for a continuance. Ahmed v. Gonzales, 447 F.3d 433, 437 (5th Cir. 2006). We review a decision to grant or deny a continuance for an abuse of discretion. Masih, 536 F.3d at 373. Because the BIA affirmed the IJ without opinion, we review the IJ's decision. See Ali v. Gonzales, 440 F.3d 678, 680 (5th Cir. 2006).

Sun's labor certification was approved, but his visa petition was denied. At the time of his last hearing when he sought his tenth continuance, Sun was not eligible for the discretionary relief of adjustment of status under 8 U.S.C. § 1255(i). See Ahmed, 447 F.3d at 438 & n.3 (visa petition must be approved to be eligible for relief under § 1255(i)); see also Masih, 536 F.3d at 374 (To be eligible for adjustment of status, alien needs labor certification and visa petition approved and a visa must be immediately available.). The IJ granted nine continuances and allowed Sun nearly three years to pursue his adjustment of status until Sun's visa petition was ultimately denied. When Sun's visa petition was denied, the IJ concluded that proceedings needed to go forward and that good cause was no longer present to justify yet another continuance. The IJ did not abuse his discretion in denying a continuance because Sun lacked good cause, given his ineligibility for removal relief. See Ahmed, 447 F.3d at 439.

Sun also contends that he was "deprived of due process when the Immigration Judge declined a short continuance." Sun did not make this due process argument before the BIA in his Notice of Appeal, asserting only that the immigration judge abused his discretion. Sun has not exhausted his administrative remedies regarding this due process argument, and we lack

jurisdiction to consider the issue on appeal. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

The petition for review is DENIED.