# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2013

No. 12-60610
Summary Calendar

Lyle W. Cayce
Clerk

ALFREDO LOPEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095-805-365

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Alfredo Lopez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an Immigration Judge's (IJ) order denying his motion for a continuance. He has abandoned any argument challenging the BIA's dismissal of his appeal of the IJ's denial of his motion for a change of venue by failing to adequately brief the issue. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *see also Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a BIA decision, this court reviews the BIA's decision and will consider the IJ's decision to the extent that it influenced the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court has jurisdiction to review the denial of a motion for continuance. *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). The denial of a continuance is reviewed for abuse of discretion. *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006). There is no abuse of discretion where the decision to deny a continuance is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (internal quotation marks and citation omitted). "The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so." *Id.* An "Immigration Judge may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29.

Lopez argues that the denial of his motion for a continuance so that he could seek postconviction relief from state criminal convictions that disqualified him from obtaining cancellation of removal was an abuse of discretion and violated his due process rights. He does not dispute that the IJ granted him a prior five-month continuance to prepare his case and does not argue that he actually has challenged any of his prior state convictions in postconviction proceedings. Rather, conceding that his prior convictions for theft and perjury could disqualify him for cancellation of removal, he asserts that he sought a continuance so that he could seek postconviction relief on grounds of ineffective assistance of counsel in reliance on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010).

In *Cabral*, 632 F.3d at 890, this court determined that the BIA did not abuse its discretion in refusing to hold an appeal in abeyance while an alien attempted to invalidate a conviction upon which a removability finding was based. Lopez argues that *Cabral* is distinguishable because *Cabral* did not involve a claim of ineffective assistance of counsel for purposes of *Padilla*. In

*Padilla*, 130 S. Ct. at 1486, the Supreme Court held that the Sixth Amendment imposes a constitutional duty on attorneys to advise criminal defendants about the potential immigration consequences arising from a guilty plea.  However, nothing in *Padilla* suggests that immigration proceedings must be stayed while a *Padilla*-based claim is pursued in postconviction proceedings.  *See Padilla*, 130 S. Ct. at 1477-87; *Cabral*, 632 F.3d at 890.  Moreover, the Supreme Court recently held that *Padilla* announced a new rule of constitutional law that is inapplicable on collateral review to a petitioner seeking a writ of coram nobis whose federal conviction had become final before *Padilla*.  *Chaidez v. United States*, 133 S. Ct. 1103, 1107-13 (2013); *see also United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012).

Lopez has failed to show that the denial of his motion for a continuance to allow him to pursue *Padilla*-based postconviction relief challenging convictions that barred him from seeking cancellation of removal was an abuse of discretion or violated his due process rights.  The petition for review is DENIED.