# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

LUIS EDGARDO SANCHEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 454 390

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Luiz Edgardo Sanchez, a native and citizen of El Salvador, *pro se* petitions for review of the final order of removal of the Board of Immigration Appeals (BIA). He raises procedural and substantive challenges to the BIA's denial of his claims for asylum, withholding of removal under the Immigration & Nationality Act, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60826

We review the BIA's rulings of law *de novo* unless a ruling involves an ambiguous provision of the immigration statute, in which case the BIA's legal conclusion is entitled to *Chevron*[1] deference. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). This court reviews findings of fact for substantial evidence. *Id.* at 517-18. Our review will only consider the underlying decision of the immigration judge (IJ) insofar as it influenced the determination of the BIA. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Even liberally construing Sanchez's *pro se* arguments, we reject his contention that he was improperly found removable. The BIA correctly determined Sanchez's removability under 8 U.S.C. § 1182(a)(7)(A)(i), which makes inadmissible any immigrant who is not in possession of valid entry documents "at the time of application for admission." The immigration statute provides that an alien present in the United States who has not been admitted "shall be deemed" an "applicant for admission," constructively placing at the border an alien who previously entered without inspection. *See* 8 U.S.C. § 1225(a)(1); *Crane v. Johnson*, 783 F.3d 244, 249 (5th Cir. 2015). Sanchez's testimonial admissions about his entry without inspection establish that he lacked proper entry documents at the time of his constructive application for admission. He is properly removable as charged in the Notice to Appear.

Turning to relief from removal, substantial evidence supports the denial of Sanchez's claims for relief on the basis that he did not present sufficient credible evidence. We must defer to the BIA's credibility reasoning here because it is not "plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang v. Holder*, 569 F.3d 531, 537-38 (5th Cir. 2009). Specifically, the BIA affirmed the adverse credibility factors properly identified by the IJ, including demeanor, implausibility, and inconsistencies.

---

[1] *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

2

No. 15-60826

These factors, as assessed, were proper for an adverse credibility determination "under the totality of the circumstances, without regard to whether any inconsistency goes to the heart of the asylum applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). This adverse credibility finding, together with a lack of corroborating evidence, is fatal to Sanchez's claims for relief. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005). Sanchez has not established a well-founded fear of persecution, a clear probability of persecution, or a likelihood of torture. *See Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (holding that where the adverse credibility finding is pertinent to the facts forming the basis of the CAT claim, it is proper to rely on credibility in denial of CAT relief).

Lastly, Sanchez was not entitled to a continuance of his individual removal hearing. We have jurisdiction to review an IJ's denial of a continuance. *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). An IJ may grant a continuance for "good cause," which is reviewed for abuse of discretion. *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006); *Witter v. INS*, 113 F.3d 549, 555-56 (5th Cir. 1997). Here, ample time passed between Sanchez's initial master calendar and his individual hearing, and there was no abuse of discretion in the IJ's refusal to further delay proceedings.

PETITION DENIED.