# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60625
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2015

Lyle W. Cayce
Clerk

JESUS ALBERTO ACEVEDO-PADILLA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 527 223

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Alberto Acevedo-Padilla petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of a motion for a continuance. He contends that the immigration judge (IJ) abused his discretion by denying his request for a continuance and that the denial of a continuance violated his due process rights. Because the BIA's decision was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60625

based on the IJ's decision, we will consider both in this case. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

"The grant of a continuance lies within the sound discretion of the IJ, who may grant a continuance for good cause shown." *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008). To establish good cause, "an alien at least must make a reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed and that any additional evidence he seeks to present is probative, noncumulative, and significantly favorable to the alien." *Matter of Sibrun*, 18 I&N Dec. 354, 356 (BIA 1983). The alien must also show that "the denial caused him actual prejudice and harm and materially affected the outcome of his case." *Id*. at 356-57. We review the denial of a continuance for abuse of discretion. *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006).

The administrative record reveals that Acevedo-Padilla attended a July 10, 2012, hearing along with his attorney, Jayson McLynn. At the hearing, the IJ set a due date of December 7, 2012, for the filing of Acevedo-Padilla's application for cancellation of removal, and the IJ scheduled the next hearing for April 25, 2013. Acevedo-Padilla, however, did not file his application for cancellation of removal by the due date; indeed, the application still had not been filed as of the date of the scheduled hearing. Shortly before the April 25, 2013, hearing began, the IJ had a discussion with McLynn, and the IJ granted her motion to withdraw as Acevedo-Padilla's counsel. Acevedo-Padilla appeared at the hearing with new counsel, Donglai Yang, who indicated that he had been retained the previous day and that he needed more time to prepare Acevedo-Padilla's application. Through Yang, Acevedo-Padilla moved for a continuance.

No. 14-60625

In denying the motion for a continuance, the IJ explained that, based on his discussion with McLynn, Acevedo-Padilla had not cooperated in preparing the application for relief, thereby making it impossible for McLynn to complete the application. The IJ determined that Acevedo-Padilla did not want McLynn to serve as his attorney in the immigration proceedings, that Acevedo-Padilla had discharged McLynn, and that Acevedo-Padilla had retained his new attorney, Yang, the day before the scheduled hearing. The IJ attributed no fault to Yang for failing to prepare the application.

Acevedo-Padilla argues that McLynn should have withdrawn when she first felt that he was being uncooperative. He does not, however, call into question the IJ's determinations regarding his lack of cooperation with McLynn in preparing an application for cancellation of removal, his decision to discharge her, and the absence of fault on Yang's part. Given the foregoing, Acevedo-Padilla failed to make the required "reasonable showing that the lack of preparation occurred despite a diligent good faith effort to be ready to proceed." *Sibrun*, 18 I&N Dec. at 356. The denial of a continuance was not an abuse of discretion. *See Ali*, 440 F.3d at 680.

Our review of Acevedo-Padilla's due process argument is de novo. *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). However, because cancellation of removal under 8 U.S.C. § 1229b(b) is a discretionary form of relief, Acevedo-Padilla cannot establish a due process violation. *See Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

The petition for review is DENIED.