# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 13-60125
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2014

Lyle W. Cayce
Clerk

KAL BAHADUR GHARTI-MAGAR,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 997 062

———————

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kal Bahadur Gharti-Magar, a native and citizen of Nepal, petitions this court for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal of an immigration judge's (IJ) decision to deny him asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He contends that in Nepal, he was persecuted by Maoists on the basis of his political opinion and fears that he will suffer persecution on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60125

basis of his political opinion or imputed political opinion if he is returned. We review the BIA's order and will consider the underlying decision of the IJ only if it influenced the BIA's determination. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). We review the factual findings, including whether an alien is entitled to asylum, for substantial evidence, and will reverse only if the record compels a different finding. *Id.*

To show that he is eligible for asylum, Gharti-Magar has the burden of establishing that he is a refugee, meaning, as relevant here, that he has suffered past persecution or has a well-founded fear of future persecution in Nepal on the basis of his political opinion or imputed political opinion. *See* 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i); *Sharma*, 729 F.3d at 411; *Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004). Past persecution involves harm caused by the government or forces that the government is unable or unwilling to control. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). He must show that his political opinion "'was or will be at least one central reason for persecuting' him." *Sharma*, 729 F.3d at 411. He must also establish a nexus between his political opinion and the persecution, meaning that he must demonstrate through direct or circumstantial evidence that the persecutors knew of his political opinion and persecuted him or will likely persecute him because of it. *Sharma*, 729 F.3d at 412.

Gharti-Magar contends that he suffered past persecution when Maoists ambushed his police convoy, threatened him and forced him to quit the police force, threatened to kill him if he did not support them, and demanded that he turn over money that he earned while working for the United Nations. He further argues that the Maoists targeted him because of his affiliation with the National Democratic Party (NDP), a rival political party.

The record does not compel a finding that Gharti-Magar suffered past persecution.  As for the ambush and the Maoists' threats while he was in the police force, Gharti-Magar admitted that he was not affiliated with a political party and was not politically active while serving as a member of the police. Nothing suggests that he was specifically targeted for any particular reason, much less on the basis of his political opinion or imputed political opinion.  Nor has Gharti-Magar shown that the evidence compels a conclusion that the Maoists' threats and extortion attempts against him after he resigned from the police force amounted to past persecution.  Though threats of violence along with evidence that the threats will be carried out may be sufficient to constitute persecution, *see Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348-49 & n.8 (5th Cir. 2006), Gharti-Magar and his family apparently lived in his village unharmed for three years after he left the police force, Gharti-Magar testified that his brother-in-law recently reported to him that his family was doing fine, and Gharti-Magar reported to an asylum officer that his family was not in danger.  As Gharti-Magar points out, he also testified on cross-examination that his wife had been beaten by that Maoists, but he made no mention of this beating in his asylum application or any of his supporting documents, including a letter that he submitted detailing the basis for his claims.  In light of all of the evidence, the record does not compel a conclusion that the Maoists were inclined to carry out the threats against him in such a way that the threats amounted to past persecution.

Substantial evidence also supports the BIA's determination that Gharti-Magar's political opinion was not the impetus behind the Maoists' decision to threaten him.  Gharti-Magar's testimony and the statements in his letter showed that the Maoists recruited him because of his expertise in police transport and demanded that he turn over money he had earned working for

the United Nations. Coercive recruitment by itself, does not rise to the level of persecution. *Sharma*, 729 F.3d at 412. Moreover, the record does not compel the conclusion that in attempting to extort money from Gharti-Magar, the Maoists were motivated by Gharti-Magar's support of the NDP rather than their knowledge that he had recently earned a hefty sum working for the United Nations.

Even if the Maoists' conduct was not sufficient to rise to the level of past persecution, Gharti-Magar contends that he established a well-founded fear of future persecution. An alien establishes a well-founded fear of future persecution if he demonstrates a subjective fear of persecution that is objectively reasonable. *Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). To prove that his fear is objectively reasonable, as relevant here, he can show either that he would be singled out for persecution or that in his country there is a pattern or practice of persecution of a group of persons on the basis of their political opinion and that he is a member of the group such that his fear is reasonable. *Id.*

Gharti-Magar argues that the Maoists have a pattern or practice of targeting their political enemies, but the country reports that he cites explain that the Maoists targeted vast portions of the population, including businesses, journalists, nongovernmental organizations, bus drivers, and ethnic Tibetans as well as political opponents. In any event, the evidence does not compel a finding that the Maoists are aware of his political affiliation and activities.

According to Gharti-Magar, if he returns to Nepal, the Maoists will impute to him an anti-Maoist political opinion based on his past refusal to join their organization. However, the evidence does not compel this determination. In the immigration court, Gharti-Magar explained that the Maoists were interested in him based on his background working in police transport and

most recently because of a large sum of money that he earned.  Moreover, there was no evidence that the Maoists' carried out any of their threats against him during the years that he refused to comply with their demands.

Because substantial evidence supports the denial of asylum, Gharti-Magar cannot meet the higher burden for showing eligibility for withholding of removal.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).  As for Gharti-Magar's argument that he will be tortured upon his return to Nepal warranting CAT relief, at most the evidence established that authorities would ignore the Maoists' efforts to harm him, but he presented no evidence that Nepalese officials would be sufficiently involved in the Maoists' conduct to show eligibility for this relief.  *See Tamara-Gomez*, 447 F.3d at 350-51.

Finally, Gharti-Magar contends that the BIA erred in upholding the IJ's denial of a continuance, a decision that we review for abuse of discretion and will uphold unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Cabral v. Holder*, 632 F.3d 886, 889-90 & n.2 (5th Cir. 2011).  Gharti-Magar's counsel did not explain why the four previous continuances that he received were insufficient to prepare his case.  Thus, there was no abuse of discretion in declining to find that Gharti-Magar established good cause for the request. *See Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006).  Moreover, though Gharti-Magar argues generally that an expert and additional time to prepare would have helped his case, he does not specify what an expert would have testified to or what specific additional testimony would have been elicited if counsel had more time to prepare and thus cannot show actual prejudice that materially affected the outcome of his case. *See In re Sibrun*, 18 I. & N. Dec. 354, 356-57 (BIA 1983).

No. 13-60125

Accordingly there was no abuse of discretion in denying Gharti-Magar's motion for a continuance.

Gharti-Magar's petition for review is DENIED.