# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2014

Lyle W. Cayce
Clerk

No. 13-60789
Summary Calendar

RODOLFO ELI VILLEDA-CHINCHILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 476 075

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Rodolfo Eli Villeda-Chinchilla (Villeda) has petitioned for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the refusal of the immigration judge (IJ) to continue the merits hearing to enable Villeda to gather evidence in support of his application for withholding of removal and relief under the Convention Against Torture (CAT) and denying his motion to reopen and remand the removal proceedings. Because the BIA

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relied on the IJ's reasoning, we review the IJ's decision as well as the decision of the BIA. *See Theodros v. Gonzales*, 490 F.3d 396, 400 (5th Cir. 2007).

Villeda asserts that the IJ abused his discretion by denying his motion for a continuance. A continuance may be granted upon a showing of good cause, and the decision whether to grant a continuance "lies within the sound discretion of the immigration judge." *Witter v. INS*, 113 F.3d 549, 555 (5th Cir. 1997); *see also* 8 C.F.R. § 1003.29. Villeda has made no showing that he was actually prejudiced by the IJ's refusal to continue the merits hearing. *See Gharti-Magar v. Holder*, 551 F. App'x 197, 200 (5th Cir. 2014); *In re Sibrun*, 18 I&N Dec. 354, 356 (BIA 1983).

The IJ abused his discretion, Villeda complains, by failing to give him "the opportunity to go forward with the case" by presenting his own testimony in support of his application for withholding of removal and relief under the CAT. This contention is not supported by the record.

The question whether the BIA abused its discretion in denying the motion to reopen and remand has not been briefed and, therefore, is waived. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

PETITION DENIED.