# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60897

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2016

Lyle W. Cayce
Clerk

MINGMING LI,

     Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

     Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 823 589

Before KING, JOLLY, and ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Mingming Li petitions this court to review the Board of Immigration Appeals' denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Li argues that he credibly demonstrated past persecution on the basis of his religion and that, accordingly, the BIA erred in denying his applications for relief. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60897

substantial evidence in the record supports the BIA's determination that Li failed to demonstrate past persecution, we DENY his petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Mingming Li, a native and citizen of the People's Republic of China, was admitted to the United States on a nonimmigrant student visa to attend the University of Tennessee, Knoxville, in May 2009, but he failed to attend the university following his admission. Li subsequently filed I-589 applications for asylum, withholding of removal, and Convention Against Torture (CAT) protection with the Department of Homeland Security (DHS) in December 2009. Thereafter, on January 11, 2010, DHS served Li with a Notice to Appear at removal proceedings and charged that he was subject to removal from the United States pursuant to 8 U.S.C. § 1227(a)(1)(C)(i), as an admitted nonimmigrant who failed to maintain or comply with the conditions of his nonimmigrant status.

Removal proceedings began on January 28, 2010, whereupon Li conceded the charge of removability but pursued his previous applications for asylum, withholding, and CAT protection. In said applications, Li sought asylum and withholding of removal on the basis of his Christian beliefs. As recounted in a written statement attached to the petition, Li claimed that he had converted to Christianity and been baptized on Easter Sunday of 2006 while living in Tianjin, China. He alleged that, on Easter Sunday of 2008, he and members of his church had been arrested while preaching, taken to a public security bureau, and detained for four days. Li claimed that he was beaten, tortured, and shocked with a baton during this detention. Following his arrest, Li alleged that his "church was dismissed," he could no longer attend his university in China, and he was threatened by police, which led him to leave China. Li asserted that he could not return to China for fear of imprisonment. In support of his petition, Li attached exhibits verifying his

2

residency in Tianjin as well as a translated letter from his father referencing Li's harassment by police and mentioning future searches of their family home but not mentioning Li's religion or the specifics of Li's alleged 2008 arrest. Li later submitted supplemental documentation in support of his applications, including his certificate of baptism, a letter from his pastor in the United States, documents supporting his previous status as a student in China, and materials from the United States Department of State and the Commission on International Religious Freedom detailing the status of Christians in China.

After a change of venue at Li's request, removal proceedings were held in front of an Immigration Judge (IJ) in San Antonio, Texas, starting in April 2012. A hearing on the merits of Li's applications was then held on June 6, 2012. At the hearing, Li was questioned by his own attorney and the government about his introduction to Christianity, his activity at church meetings in Tianjin, his 2008 arrest, and his alleged detention and torture by police in China. Elaborating on the information included in his affidavit, Li testified that he had been part of a small unregistered church prior to his arrest. He further testified that he had no information on other church members since the arrest and that he was no longer in contact with the other members. He also stated that he was surveilled by police following his arrest but managed to obtain a visa to leave China. The IJ then engaged in a colloquy with Li, wherein the IJ asked Li about his practice of Christianity and noted an inconsistency in Li's testimony regarding his mother's profession and retirement. The IJ also asked Li about the presence of other churches in China, and Li testified that he had attended a government sanctioned church, apart from his own church, but that attending the sanctioned church made him uncomfortable because he believed "they put the communist party above God." At the colloquy, Li testified that people in his church in China no longer met for prayer.

## No. 14-60897

Following the merits hearing, the IJ rendered his oral decision, denying Li's applications for asylum, withholding of removal, and protection under the CAT. The IJ found that, based on the evidence submitted and the testimony in the record, Li's testimony as to his arrest and religious persecution was not credible. The IJ noted inconsistencies in Li's testimony, including the testimony on when Li's mother lost her job, in which month Easter fell in 2006,[1] how Li's church went around preaching, and how Li was able to obtain a visa while being under government surveillance. The IJ also noted that Li had submitted only one corroborative document from his father, which was partly inconsistent with his narrative and did not discuss his religious activities. The IJ found that the background information submitted by Li and Li's own testimony demonstrated that there was "a wide variety of Christian religious activity in China that is not officially sanctioned by the government which is . . . sometimes quietly tolerated." Noting that the level of government repression depended on the local conditions and that unregistered church groups were generally allowed, the IJ observed that Li did not reside in a province where such repression had been reported. The IJ found that the testimony taken in tandem with the background information failed to meet Li's burden of proof to demonstrate past persecution. Because the IJ concluded that Li's testimony was not credible and that Li failed to meet his burden of proof in other ways, the IJ denied Li's application for asylum. Based on this failure and Li's lack of credibility, the IJ also denied Li's applications for withholding from removal and protection under the CAT. Li subsequently appealed the IJ's decision to the Board of Immigration Appeals (BIA).

---

[1] Li had testified that he had first been baptized on Easter Sunday in 2006 but indicated that Easter 2006 was in March when it was, in fact, on April 16, 2006.

4

No. 14-60897

The BIA dismissed Li's appeal on November 9, 2014.  In its decision, the BIA assumed, *arguendo*, that Li was credible in his testimony, but ultimately agreed with the IJ that Li still failed to meet his burden of proof for relief.  The BIA reasoned that Li's arrest, detention, and beatings did not amount to persecution, stating that his one-time detention "did not rise to the level of extreme conduct necessary to compel a finding of past persecution" based on previous Fifth Circuit caselaw.  The BIA then held that Li also failed to demonstrate a well-founded fear of future persecution because Li's testimony demonstrated that his church appeared to have disbanded and that he would not attend another unregistered church group.  Because Li failed to demonstrate past or future persecution, the BIA concluded that Li failed to meet his burden of proof to be eligible for asylum.  The BIA also concluded that Li failed to meet the related standards for withholding of removal and CAT protection.  One Board Member of the BIA panel dissented, however, arguing that Li's detention and harassment by police cumulatively rose to the level of past persecution.  The Board Member further argued that the disbanding of Li's church following his arrest supported, rather than undermined, Li's claim of persecution, as he could no longer practice his religion.  Li timely filed his petition for review of the BIA's order on December 19, 2014.

## II. STANDARD OF REVIEW

On petition for review of the BIA's order, we examine "the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009); *see also Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006) ("When . . . the BIA affirms the [IJ's decision] and relies on the reasons set forth in the [IJ]'s decision, this court reviews the decision of the [IJ] as well as the decision of the BIA.").  As the BIA adopted the IJ's factual findings, other than the credibility determination, and the IJ's determination that Li did not meet his burden of proof, we may

5

consider the IJ's decision on these points. "We review factual findings of the Board to determine if they are supported by substantial evidence in the record." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997); *see also Eduard v. Ashcroft*, 379 F.3d 182, 187–88 (5th Cir. 2004) (evaluating the BIA's decision that petitioner failed to show past persecution under substantial evidence review).[2] "Under the substantial evidence standard, reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). "In other words, the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam); *see also Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992) ("A court reviewing an agency's adjudicative action should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole.").

## III. PAST PERSECUTION

Based on the record and our deferential standard of review, we conclude that the BIA's decision—that Li failed to establish past persecution for the purposes of asylum—is supported by substantial evidence. Pursuant to

---

[2] The question of whether an asylum petitioner's evidence (if presumed credible) meets the burden of proof to demonstrate past persecution can be construed as a mixed question of law and fact, but we repeatedly have reviewed such questions under the substantial evidence standard. *See Gharti-Magar v. Holder*, 551 F. App'x 197, 198–99 (5th Cir. 2014); *Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir. 2006); *Ozdemir v. INS*, 46 F.3d 6, 8 (5th Cir. 1994) (per curiam). Our standard of review comports with that of other circuits. *See, e.g., Ordonez-Quino v. Holder*, 760 F.3d 80, 87 (1st Cir. 2014) ("We review [the BIA's] findings of fact—including whether persecution occurred on account of a protected ground—'under the familiar and deferential substantial evidence standard.'" (quoting *Ivanov v. Holder*, 736 F.3d 5, 11 (1st Cir. 2013)); *Haile v. Holder*, 658 F.3d 1122, 1125 (9th Cir. 2011) (noting, on petition of a BIA decision, that the court "review[ed] factual findings and determinations of mixed questions of law and fact for substantial evidence"); *Borca v. INS*, 77 F.3d 210, 214 (7th Cir. 1996) ("We review the BIA's factual findings that [petitioner] failed to establish past persecution . . . under the 'substantial evidence' standard.").

Section 208(b) of the Immigration and Nationality Act (INA), an alien may be granted asylum if he demonstrates that he is a refugee.  8 U.S.C. § 1158(b)(1)(A).  An alien qualifies as a refugee by proving that "he is 'unable or unwilling to return to . . . [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (quoting 8 U.S.C. § 1101(a)(42)(A)).  Upon a showing of past persecution, an asylum petitioner not only demonstrates refugee status but also is entitled to a rebuttable presumption that he has a well-found fear of persecution.  8 C.F.R. § 208.13(b)(1).  While we have noted that, to establish persecution, "the alien's 'harm or suffering, need not be physical,'" we also have noted that "[persecution] does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional."  *Tesfamichael*, 469 F.3d at 114 (citations omitted).  Instead, we have held that "[p]ersecution must be extreme conduct to qualify for asylum protection."  *Majd*, 446 F.3d at 595 (quoting *Al-Fara v. Gonzales*, 404 F.3d 733, 739 (3d Cir. 2005)).  As relevant here, Li asserted in his applications for asylum, withholding of removal, and protection under the CAT that he was entitled to relief because of his past persecution in China as a result of his Christian religious beliefs.

On petition of the BIA's order, Li does not challenge the BIA's denial of his applications for withholding of removal and CAT protection; rather, he only argues that he demonstrated past persecution and therefore qualifies for asylum.  Accordingly, Li has waived any claims related to these other two applications.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (treating an issue involving the merits of a petitioner's immigration appeal as abandoned when it was not briefed).  Specifically, Li argues the BIA and IJ erred in holding that he was not credible and that he did not establish

past persecution by the Chinese government on account of his religion.  But because the BIA did not adopt the IJ's adverse credibility determination and assumed credibility, we need not and cannot address this first argument.  *See Shaikh*, 588 F.3d at 863.  Our inquiry then is whether, assuming *arguendo* Li's credibility, substantial evidence supported the BIA's finding that Li failed to demonstrate past persecution.  We conclude that substantial evidence supports the BIA's determination.

Li argues that his allegations of physical abuse during his four-day detention, continued surveillance, and threats from authorities in China, as well as his inability to attend his unregistered church cumulatively rose to the level of past persecution.  However, while "a reasonable factfinder *could* have found these incidents sufficient to establish persecution," on substantial evidence review, we cannot say "that a factfinder would be compelled to do so." *Mikhael*, 115 F.3d at 304.  Like in *Mikhael*, we are "constrained by our standard of review to conclude that [Li] has not presented evidence so compelling that no reasonable factfinder could fail to find otherwise." *Id.*

Seeking to distinguish the alleged persecution here, Li and the dissenting BIA Board Member pointed to the restrictions on Li's religious practices as additional support for why Li demonstrated past persecution. Citing *Bucur v. INS*, 109 F.3d 399, 405 (7th Cir. 1997), the dissenting BIA Board Member argued that Li had made a stronger case for past persecution because Li alleged that he was restricted from practicing Christianity when his church stopped meeting following Li's 2008 arrest.  But *Bucur* is inapposite. In *Bucur* the Seventh Circuit noted that "it is virtually the definition of religious persecution that the votaries of a religion are forbidden to practice it," but the court there was referring to one of the petitioner's allegations that his country of origin categorically forbade Jehovah's Witnesses from practicing their religion.  *Id.* at 405.  By contrast, the IJ here noted that the background

information submitted by Li demonstrated a wide variety of Christian activity in China, some of which was quietly tolerated by the government depending on the local conditions. *See Chen*, 470 F.3d at 1136–38 (finding that similar country conditions reports on the status of Christians in China failed to demonstrate persecution). Although another factfinder might have found differently as to the issue of past persecution on this evidence, we cannot conclude—based on our deferential standard of review—that Li's "evidence [was] so compelling that *no* reasonable factfinder could reach a contrary conclusion." *Zhao*, 404 F.3d at 306. We hold that the BIA's finding that Li did not demonstrate past persecution is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the petition for review of the BIA's order is DENIED.